**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ISABEL AVELAR,** § | | |
| *Plaintiff,* § | | |
| § | | |
| VS. § | **CIVIL ACTION NO. 1:17-cv-00141** | |
| § | | |
| **STATE FARM LLOYDS,** § | | |
| *Defendant.* § | **JURY DEMANDED** | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

Defendant STATE FARM LLOYDS ("State Farm") files this Notice of Removal to remove from the 404th Judicial District Court of Cameron County, Texas to this Court a suit styled *Isabel Avelar v. State Farm Lloyds* and docketed under Cause No. 2017-DCL-03619 (hereinafter referred to as the "State Court Action").

**STATEMENT OF JURISDICTIONAL BASIS FOR REMOVAL**

1. This Court has original diversity jurisdiction under 28 U.S.C.A. §1332(a)(1). Thus, this Court has removal jurisdiction. 28 U.S.C.A. § 1441(a).

2. Under 28 U.S.C. §1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.

**TIMELINESS OF NOTICE OF REMOVAL**

3. This Notice is timely under 28 U.S.C. § 1446(b). This Notice is filed within thirty (30) days after State Farm was served with Plaintiff's Original Petition. Plaintiff's original state court petition was filed on June 6, 2017. State Farm was served on June 14, 2017.

4. True and correct copies of all process, pleadings, and orders in the State Court

Action are attached hereto as Exhibit A, as required by 28 U.S.C. §1446(a) and Local Rule 81 of the United States District Court for the Southern District of Texas. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as Exhibit B.

## NATURE OF PLAINTIFF'S CASE

5. This suit involves a claim for property damage arising from a wind/hail storm that allegedly occurred on or about March 26, 2015 at Plaintiff's residence. State Farm is the insurer for Plaintiff. Plaintiff now sues State Farm alleging breach of contract, violations of the Texas Insurance Code, violations of the DTPA and breach of the duty of good faith and fair dealing.

## BASIS FOR REMOVAL

**A.   Diversity Met**

6. Pursuant 28 U.S.C §1332(a)(1), this Court has diversity jurisdiction.

7. At the time this action was commenced, Plaintiff was and still is a resident and citizen of Texas residing in Cameron County.

8. State Farm was, at the time this action commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were, at the time this action commenced, and still are, all citizens and residents of Illinois, thereby making State Farm a citizen of Illinois for diversity purposes.[1] Therefore, complete diversity of citizenship exists between Plaintiff and Defendant State Farm.

**B.   Amount in Controversy Met**

9. The amount in controversy is in excess of the jurisdictional minimum of

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-883 (5th Circ. 1993), *cert den.*, 511 U.S. 1032, 114 S.Ct. 1541, 128 L.Ed.2d 193 (1994) (citizenship of unincorporated association determined by citizenship of its members).

$75,000.00, excluding interest and costs. 28 U.S.C.A §1332(a). State Farm notes that Plaintiff pleads that "Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. If this matter is removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and cost. If this matter is not removable pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) then Plaintiff hereby stipulates that Plaintiff seeks only monetary relief aggregating $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."[2] Plaintiff also pleads that this case is governed by Discovery Level 1.[3]

10.   Contrary to Plaintiff's attempts to avoid federal court jurisdiction through her attempted pleading of limited damages, a preponderance of the evidence shows that the amount in controversy exceeds $75,000.00.[4]

11.   Generally, a plaintiff's pleading for a specific sum made in good faith must be deemed the amount in controversy.[5] However, a plaintiff's pleading of a specific sum does not control when made in bad faith or when, as in Texas, state court practice does not permit demand for a specific sum.[6]

---

[2] Plaintiff's Original Petition, at ¶¶ 1.2 and 1.3

[3] *See Id.* at ¶ 1.1.

[4] A defendant may satisfy the amount in controversy element for removal by "(1) showing it is 'apparent from the claims of the petition that the claims are likely to exceed $75,000', or (2) setting forth 'summary judgment-type evidence of facts in controversy that support a finding of the requisite amount.'" *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *1 (S.D. Tex. Feb. 18, 2016)*, citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] 28 U.S.C. § 1332(a).

[6] *Chavez v. State Farm Lloyds*, No. 7:15-CV-487, 2016 U.S. Dist. LEXIS 19920, at *2 (S.D. Tex. Feb. 18, 2016), citing 28 U.S.C. § 1446(c)(2); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995); Tex. R. Civ. P. 47(b)-(c).

12. Texas state court practice does not permit a demand for a specific sum.[7] Further, it has been held that where a plaintiff attempts to plead an amount not to exceed $75,000, it may be considered bad faith manipulation and an attempt to avoid federal jurisdiction.[8]

13. Prior to retaining her current counsel, Plaintiff was represented by other counsel. Plaintiff's prior counsel served a demand letter on State Farm demanding $28,513.57, including $28,833.57 in actual damages to Plaintiff's property.[9] Plaintiff's current counsel informed State Farm that his firm has associated on this claim and that he will be lead counsel.[10]

14. In addition to actual damages and attorney's fees, Plaintiff's Original Petition requests treble damages under the Texas Insurance Code and the DTPA and exemplary damages.[11] Exemplary damages are to be considered in determining the amount in controversy if the defendant could be liable for such damages under state law.[12] Texas law provides that "[e]xemplary damages awarded against a defendant may not exceed an amount equal to the greater of … two times the amount of economic damages; plus … an amount equal to or any noneconomic damages … not to exceed $750,000; or … $200,000."[13] Therefore, the $75,000 amount in controversy federal jurisdictional requirement could easily be met if Plaintiff is successful in her claim for punitive and treble damages.

---

[7] *See* Tex. R. Civ. P. 47(b)-(c); *see also Chavez*, at *2.

[8] *See Id; Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar,* 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that a plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction.").

[9] *Exhibit C* – Plaintiff's counsel's letter of representation and demand letter dated January 21, 2016.

[10] *Exhibit D* – Plaintiff's lead counsel's letter of representation.

[11] Plaintiff's Original Petition at ¶¶ 6.3, 11.5, 13.2 – 13.4.

[12] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[13] Tex. Civ. Prac. & Rem. Code § 41.008(b)(1)-(2).

## NOTICE SHALL BE PROVIDED

15.     Pursuant to 28 U.S.C. §1446(d), State Farm will promptly give written notice of the filing of this notice of removal to Plaintiff and will further file a copy of this Notice of Removal with the District Clerk of Cameron County, Texas, where the State Court Action was previously pending.

## CONCLUSION

WHEREFORE, Defendant State Farm hereby requests removal of this case, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court, including but not limited to issuing any orders necessary to stay proceedings in the State Court Action, and for all other relief to which Defendant State Farm may be justly entitled.

    Respectfully submitted,

    **COWEN & GARZA, LLP**
    506 E. Dove Avenue
    McAllen, Texas 78504
    T. (956) 994-9170
    F. (956) 618-2324
    sarah@cowengarza.com

By:  */s/ Sarah Pierce Cowen*
    Sarah Pierce Cowen
    Federal ID No. 7973
    State Bar No. 15997480

    **ATTORNEY-IN-CHARGE**
    **FOR DEFENDANT**
    **STATE FARM LLOYDS**

**Of Counsel:**
Viola G. Garza
Federal ID No. 19310

State Bar No. 00787518
viola@cowengarza.com
Summer Olmos
Federal ID No. 625129
State Bar No. 24051134
summer@cowengarza.com
COWEN & GARZA, LLP
506 E. Dove Avenue
McAllen, Texas 78504
T. (956) 994-9170
F. (956) 618-2324

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the preceding, Defendant's Notice of Removal has been filed electronically with the Clerk of the Court and notice of this filing will be sent by operation of the Court's electronic filing system and by facsimile to the following CM/ECF participants on July 11, 2017.

***VIA FACSIMILE: (800) 628-1498***
***& VIA E-MAIL:*** *cbertini@bertinilaw.com*
Christopher D. Bertini
THE BERTINI LAW FIRM, P.C.
The 1894 Trube Estate Building
2415 Market Street
Galveston, Texas 77550
Tel. (409) 621-1876

                                    */s/ Sarah Pierce Cowen*_____
                                     Sarah Pierce Cowen